### E. P. ERVIN *v.* THE STATE.

SWINDLING.— See an indictment for swindling which is held insufficient under the law as it was prior to the enactment of March 26, 1881, entitled "An act to prescribe the requisites of indictments in certain cases," but commonly known as the "common-sense indictment act." It seems that even under the said act of 1881, an

indictment for swindling is bad unless it alleges that the defendant obtained the property *by means* of the false representations; and that an averment that the person swindled believed the false representations and by reason thereof parted with his property to the defendant is not tantamount to the allegation that the defendant obtained the property by means of the representations.

APPEAL from the District Court of Polk.   Tried below before the Hon. EDWIN HOBBY.

The indictment charged that the appellant, on November 15, 1879, "did fraudulently represent to one J. A. Handley that he, the said Ervin, owned and possessed thirteen hundred pounds of seed cotton, and that if the said Handley would let him have thirty-five dollars worth of merchandise out of the store of him the said Handley that he the said Ervin would transfer and deliver to him the said Handley the said thirteen hundred pounds of seed cotton, and that he the said Handley, believing said fraudulent representations and by reason thereof, did sell and deliver said merchandise to him the said Ervin. And the grand jurors aforesaid, upon their oaths aforesaid, do say that the said Ervin, at the time of said fraudulent representation, did not own or possess said cotton as he so fraudulently represented; but that said fraudulent representations were made with the intent then and there of him the said Ervin to fraudulently obtain said goods from said Handley, and to appropriate the same to the use of him the said Ervin; against," etc.   The cause came to trial in December, 1881, when the defendant was found guilty and his punishment was assessed at a term of two years in the penitentiary.

The defense moved in arrest of judgment, and as causes therefor alleged that the indictment charged no offense; that it did not allege that any specific property was acquired by the defendant, nor charge the value of the merchandise therein mentioned, nor allege when the

same was acquired by the defendant. The motion was overruled, exceptions reserved, and notice of appeal given.

*J. M. Crosson*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

HURT, J. Appellant was convicted of swindling. There was a motion in arrest, based upon the insufficiency of the indictment.

The indictment in this case tested by the well settled rules of criminal pleading, and the decisions of our Supreme Court and Court of Appeals, is fatally defective. We refer to the decisions made upon the law in force prior to the passage of what is known as the "Common Sense Bill." And though the form prescribed in that bill for an indictment for this offense is quite plain and simple, this indictment will not bear the test under the provision of that form. It is required under that form to allege that defendant did obtain the goods, *etc.*, *by means* of the false representations. Neither this allegation nor one of similar import is found in this indictment.

The judgment is reversed and the cause dismissed.

*Reversed and dismissed.*